UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RANDY PAUL NEEDHAM, SR.,**

      **Plaintiff,**

**v.**                                             **Case No. 8:21-cv-1915-AAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner of**
**Social Security Administration,**

      **Defendant.**
_____/

## ORDER

Plaintiff Randy P. Needham, Sr., requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for Social Security Disability benefits under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' joint memorandum, the Commissioner's decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Mr. Needham applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on July 21, 2016, alleging a disability onset date of March 15, 2016. (Tr. 129). Mr. Needham's claim was denied

1

initially and after reconsideration. (Tr. 94, 104, 114, 124). A hearing was held before the ALJ on August 30, 2018. (Tr. 51–81). On January 25, 2019, the ALJ found Mr. Needham not disabled. (Tr. 126–143).

The Appeals Council granted Mr. Needham's request for review on January 8, 2020 and remanded the ALJ's decision for consideration of additional evidence. (Tr. 145). Pursuant to this remand, the ALJ held another hearing on September 17, 2020. (Tr. 31–50). On December 21, 2020, the ALJ again found Mr. Needham not disabled.

The Appeals Council denied Mr. Needham's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision. (Tr. 1–6). Mr. Needham requests judicial review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Mr. Needham was fifty-one years old on his alleged disability onset date of March 15, 2016, and on the date he applied for DIB and SSI, July 21, 2016. (Tr. 86, 87, 96, 97). Mr. Needham has a limited education and past relevant worker as a delivery driver and banquet set up. (Tr. 22, 93, 103).

**B.     Summary of the ALJ's Decision**

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

claimant's impairments (considering his RFC, age, education, and past work) do not prevent his from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. Needham engaged in substantial gainful activity on April 1, 2019 but did not engage in substantial gainful activity between March 15, 2016, the alleged onset date, and March 6, 2019. (Tr. 18). The ALJ found Mr. Needham had the following severe impairments: degenerative disc disease; and fracture of the left upper extremity. (Tr. 19). However, the ALJ concluded Mr. Needham's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (*Id.*).

The ALJ found Mr. Needham could perform light work[4] except:

> [Mr. Needham's] ability to push and pull with the left upper extremity is limited to no more than occasional. He can occasionally climb ladders, ropes, or scaffolds; frequently climb ramp and stairs, stoop and crawl. He is limited to occasional reaching with the left upper extremity.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

(Tr. 21).

Based on Mr. Needham's testimony at the administrative hearing, Mr. Needham's RFC, and the vocational expert's testimony, the ALJ determined Mr. Needham was unable to perform his past relevant work. (Tr. 22). The ALJ then determined Mr. Needham could perform other jobs that exist in significant numbers in the national economy, specifically as a hotel housekeeper, price marker, and fast-food worker. (Tr. 23). Thus, the ALJ concluded Mr. Needham was not disabled from March 15, 2016, through March 30, 2019. (*Id.*).

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issues on Appeal

Mr. Needham raises two issues on appeal: (1) that the ALJ failed to properly evaluate the medical opinions of Ricardo Varas, M.D. and Joseph Schreier, D.O.; and (2) that the ALJ was unconstitutionally appointed. This report will address each point in turn.

### 1.  Weighing of Medical Opinions

Dr. Varas conducted a consultative examination of Mr. Needham on November 19, 2016. (Tr. 646–656). Dr. Varas's medical opinion concluded Mr. Needham was "not able to lift and carry [more than] 5 pounds not at all on the left side." (Tr. 651). A September 25, 2018 evaluation of Mr. Needham conducted by Dr. Schreier (Tr. 585–596) similarly concluded Mr. Needham had

no functional use of his left hand and could lift and carry no more than five pounds with his left arm due to his hand ailments. (Tr. 590; 593). Mr. Needham argues "the ALJ's reasoning for rejecting the left upper extremity limitations assigned by Drs. Varas and Schreier" was "broad" and "nonspecific." (Doc. 17, p. 14). Thus, Mr. Needham argues the ALJ erred in granting only partial weight to Dr. Varas's medical opinion and in concluding Mr. Needham's "left arm use is not as limited as [Dr. Schreier] opined." (*Id.* at 8–17).

The ALJ concluded Dr. Schreier's medical opinion was entitled to great weight except for the portion of Dr. Schreier's examination report discussing Mr. Needham's left arm use. (Tr. 21–22). The ALJ concluded that portion of Dr. Schreier's report was inconsistent with Mr. Needham's "testimony regarding his exertional abilities and the objective evidence showing generally normal mobility, motility, and other neurological signs in the left upper extremity." (Tr. 22). Similarly, the ALJ concluded Dr. Varas's conclusion that Mr. Needham could carry no more than five pounds on his left side was "an overestimate of the severity of Mr. Needham's left arm limitations" when considered in light of Mr. Needham's testimony and the objective medical evidence in the record. (*Id.*).

The ALJ's conclusions on Mr. Needham's capacity to use his left hand and arm are supported by substantial evidence. The ALJ repeatedly cited to Dr. Varas's physical examination report of Mr. Needham that showed Mr.

Needham had "no muscular atrophy" with "normal grip strength 5/5 in the left hand" and "normal fine and gross manipulative skills 10/10 in the left hand." (Tr. 21) (*citing* (Tr. 650)). Similarly, the ALJ also repeatedly cited to Dr. Schreier's physical examination findings that Mr. Needham exhibited a grip strength of 18 pounds in his left hand. (Tr. 21) (*citing* (Tr. 587)). The ALJ noted an October 20, 2017 report from Jean Balan, M.D., wherein Mr. Needham professed left shoulder pain, but not left arm or left hand pain. (Tr. 21–22) (*citing* (Tr. 642–644). The ALJ further noted Mr. Needham testified "he could independently handle his personal hygiene and self-care and had no problems with grasping and holding objects bilaterally" and concluded "treatment notes show [Mr. Needham] received only conservative care for his left upper extremity fractures and his providers never recommended pursuing surgical intervention." (Tr. 20–21) (*citing* (Tr. 42; 641)).

These conclusions support the ALJ's RFC determination that Mr. Needham's "ability to push and pull with the left upper extremity is limited to no more than occasional." (Tr. 20). The ALJ's consideration and weighing of Dr. Varas's and Dr. Schreier's medical opinions are thus supported by substantial evidence.

## 2. Unconstitutional ALJ

Mr. Needham claims the Supreme Court in *Seila Law, LLC v. CFPB*, 140 S. Ct. 2183 (2020) held "it is unconstitutional for an executive agency to be led

by a single head who serves for a longer term than the President and can only be removed from his position for cause." (Doc. 17, p. 24). Thus, since "[t]he Commissioner of SSA is the singular head of the Agency, serves for six years, and cannot be removed by the President except for cause," Mr. Needham argues the SSA's agency structure violates principles of separation of powers and the ALJ's decision is constitutionally defective. (*Id.* at 24–25) (*citing* 42 U.S.C. § 902(a)(3)).

The Commissioner does not contest that "42 U.S.C. § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." (*Id.* at 26) (*citing* Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Comm'r of Soc. Sec.'s Tenure Prot., 2021 WL 2981542 (O.L.C. July 8, 2021)). However, assuming without deciding 42 U.S.C. § 902(a)(3) violates principles of separation of powers by restricting the capacity for the President to remove the Commissioner from his position, Mr. Needham has not established such a constitutional defect warrants remand in this case.

In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court determined a similar removal restriction within the organic statute of the Federal Housing Finance Agency violated the separation of powers. *Collins*, 141 at 1787. However, the Court also held "there was no constitutional defect in the statutorily prescribed method of appointment to that office" and

therefore "no reason to regard any of the actions taken by the FHFA . . . as void." *Id.* (emphasis added). Thus, without some sort of "compensable harm" caused by the unconstitutional removal provision itself, the Court concluded the removal provision's mere existence created no entitlement to retrospective relief. *Id.* at 1789.

The relevance of the Court's holdings in *Seila Law* and *Collins* as applied to this case is therefore narrow. *See Id.* at 1802 (Kagan, J., concurring) (forecasting that "a betting person might wager that the [SSA's] removal provision is next on the chopping block" while concluding the Court's "remedial analysis" in *Collins* would likely not necessitate the undoing of "the mass of SSA decisions–which would not concern the President at all"). Multiple courts reviewing denials of applications for Social Security Benefits in the wake of *Seila Law* and *Collins* have similarly concluded plaintiffs must establish the removal provision of 42 U.S.C. § 902(a)(3) caused some compensable harm to warrant remand.

Mr. Needham does not argue he suffered any form of compensable harm stemming from the removal provision of 42 U.S.C. § 902(a)(3). *See* (Doc. 24, pp. 24–25). Thus, Mr. Needham has not established the ALJ's review of Mr. Needham's claim of Social Security benefits suffers from any "unconstitutional taint" establishing a compensable harm against him. (*Id.* at 25).

## IV.   CONCLUSION

The Commissioner's decision is **AFFIRMED**.

**ORDERED** in Tampa, Florida on August 15, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

11